UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH JOHNSON  (#097343)

VERSUS                                                                  CIVIL ACTION

CONNIE MOORE, ET AL                                       NUMBER 07-49-JJB-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _December 11_, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
M... ...LA
2007 DEC 12  A 10: 12

BY DEPUTY CLERK

KENNETH JOHNSON  (#097343)

VERSUS

CONNIE MOORE, ET AL

CIVIL ACTION

NUMBER 07-49-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on the defendants' motion for summary judgment. Record document number 33. The motion is opposed.[1]

Pro se plaintiff, an inmate at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Assistant Warden Connie Moore, Assistant Warden Tom Desport and Sgt. Wanda Mathews. Plaintiff alleged that his outgoing mail was tampered with in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Kimberly Lemaire, Connie Moore, Thomas J. Desporte, Wanda Matthews and Richard Stalder, copies of institutional policy numbers 100-C02 and 000-001, a copy of Department of Public Safety and Corrections Regulation No. B-05-005, and the results of the administrative remedy procedure, a true copy of which was previously filed into the record and incorporated herein.

Summary judgment is appropriate where there is no genuine issue as to any

---

[1] Record document number 37.

material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding his claims against them.

Section 1997e of Title 42 of the United States Code provides in pertinent part the following:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). The 42 U.S.C. § 1997e(a) exhaustion requirement is "mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'" *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003), citing *Booth v. Churner*, 532 U.S. 731, 739, 741 n.6, 121 S.Ct. 1819 (2001).

Plaintiff alleged that his outgoing legal mail was opened, items were removed from the envelopes, and his mail was returned to him undelivered in violation of his constitutional rights to access the courts.

Plaintiff conceded that he did not exhaust available administrative remedies.[2] Plaintiff argued that exhaustion is not required because he only seeks compensatory damages.[3] Plaintiff further argued that exhaustion would be futile because any request for relief would be denied by prison officials.[4]

Defendants argued that the plaintiff filed Administrative Remedy Procedure ("ARP") grievance number EHCC-06-1216 complaining that his outgoing legal mail was being opened, tampered with, and returned to him undelivered. Defendants argued that the ARP was rejected because the plaintiff failed to follow procedure by submitting the administrative grievance to the unit head at the institution as is required by the administrative grievance procedure.

A review of ARP grievance number 06-1216 showed that the plaintiff complained that his mail was being tampered with and was not being mailed to Secretary Stalder. A review of ARP grievance number 06-1216 showed that it was rejected because the plaintiff failed to follow procedure by addressing his grievance to Warden Hubert, the unit head at the institution.

The summary judgment evidence supports a finding that the plaintiff failed to exhaust available administrative remedies against the named defendants.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for

---

[2] Record document number 1, Complaint, p. 4, § II.B.

[3] Record document number 2, memorandum in support of complaint, p. 7.

[4] *Id.* at 10.

3

summary judgment be granted and this action be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Baton Rouge, Louisiana, _____December 11_____, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE